# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:22-CV-00334-KDB

| | |
|---|---|
| SCOTT KONECNY,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>    Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Scott Konecny's Motion for Summary Judgment (Doc. No. 14) and Defendant's Motion for Summary Judgment (Doc. No. 17). Mr. Konecny, through counsel, seeks judicial review of an unfavorable administrative decision denying his application for disability insurance benefits under the Social Security Act.

Having reviewed and considered the parties' briefs, the administrative record, and the applicable authority, the Court finds this matter should be remanded to allow the ALJ to reconsider her decision that the claimant is not disabled under the relevant sections of the Act. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgement, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

## I.    PROCEDURAL BACKGROUND

On September 29, 2019, Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, alleging that he had been disabled since April 15, 2014. (Tr. 111-12). Plaintiff's application was denied initially and upon reconsideration. (Tr. 111, 124). Plaintiff

1

requested a hearing before an ALJ, where he appeared unrepresented (Tr. 54-55). After conducting a hearing, Administrative Law Judge Nancy McCoy ("ALJ"), denied Plaintiff's application in a decision dated August 10, 2021. (Tr. 24-38). The Appeals Council denied Plaintiff's request for review and thus the ALJ's decision now stands as the final decision of the Commissioner. (Tr. 1). Plaintiff now timely seeks judicial review under 42 U.S.C § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration ("SSA") to determine whether Mr. Konecny was disabled under the law during the relevant period.[1] At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571, et seq., and 416.971, et seq) and at step two that he had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; bilateral hand degeneration; and right hip labral tear and cyst. (20 CFR 404.1520(c). (Tr. 26). At step three, the ALJ found that none of Plaintiff's impairments, nor any combination thereof, met, or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (20 CFR 404.1520(d), 404.1525 and 404.1526). (Tr. 28).

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but under step five the Commissioner must prove the claimant can perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

2

Before proceeding to step four, the ALJ determined that Mr. Konecny had the following residual functional capacity ("RFC"):

> to perform light work as defined in 20 CFR 404.1567(b) except the individual can occasionally push or pull with the right lower extremity. He can occasionally balance, stoop, crouch, kneel, and crawl. He can tolerate occasional exposure to vibration and hazards, such as unprotected heights, operating motor equipment, and operating large, dangerous, moving machinery. He can perform tasks that can be learned in up to thirty-days on the job. He can sustain attention and concentration to perform repetitive tasks in a setting that does not require a consistent fast-pace or strict production quotas.

(Tr. 29). At step four, the ALJ found that Plaintiff could not perform his past relevant work as an electronic technician, DOT 003.161-014, classified as light and skilled (SVP 7); user support analyst, DOT 032.262-010, classified as sedentary and skilled (SVP 7); parts order and stock clerk, DOT 249.367-058, classified as light (heavy as actually performed) and skilled (SVP 5); and stop control clerk, DOT 219.387-030, classified as light (medium to heavy as actually performed) and skilled (SVP 5). As required by SSR 82-62, this work was substantial gainful activity, was performed long enough for the claimant to achieve average performance and was performed within the relevant period. (Tr. 36).

At step five, however, the ALJ found that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC. (Tr. 37). These jobs include routing clerk, DOT 222.687-022, classified as light and unskilled (SVP 2), with 35,200 such jobs in the national economy; photocopy machine operator, DOT 207.685-014, classified as light and unskilled (SVP 2), with 7,600 such jobs in the national economy; and price marker, DOT 209.587-034, classified as light and unskilled (SVP 2), with 66,200 such jobs in the national economy. (Tr. 37). Thus, the ALJ found that Plaintiff was not disabled under the Social Security Act from April 15, 2014, through December 31, 2019, the date last insured. (Tr. 37).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, ––– U.S. –––, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[2] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo, Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry*, 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. Id. (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome— so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed. *Long v. Kijakazi,* No. 1:22-CV-00091-KDB, 2022 WL 18026331, at *2–3 (W.D.N.C. Dec. 30, 2022).

## IV. DISCUSSION

Plaintiff raises two challenges to the ALJ's decision. First, Plaintiff contends that the ALJ did not properly obtain all of Mr. Konecny's medical records from his pain management provider, Abbey Place. Further, Plaintiff contends that his unrepresented status at his hearing imposed a heightened duty on the ALJ to obtain this evidence. (Doc. No. 14-1, at 6). Second, Plaintiff contends that the ALJ's conclusion that Mr. Konecny could not work in a setting that required a "consistent fast-pace or strict production quotas" was undefined. (Doc. No. 14-1, at 10). The Plaintiff argues that this language was unclear, and that the VE could not understand the standard thoroughly enough to identify occupations that Mr. Konecny could viably engage in. (Doc. No.

5

14-1, at 10-13). As discussed below, the Court need only reach Plaintiff's first argument to decide this appeal. Accordingly, the Court expresses no opinion on the merits of the ALJ's decision finding Plaintiff to be disabled, leaving that determination to be reconsidered on remand by the ALJ.

With respect to the first issue raised by Plaintiff, the Court agrees that the ALJ did not properly obtain all of Mr. Konecny's medical records. When a claimant is unrepresented in a social security hearing, an ALJ has a heightened duty to develop the record and explore all the relevant facts and cannot merely rely on inadequate evidence provided by a claimant. *Berry v. Astrue*, Civil Action No. 1:08-cv-00005, 2009 U.S. Dist. LEXIS 751, at *38 (W.D. Va. Jan. 7, 2009) (citing Social Security Act, § 206, 42 U.S.C.A. § 406); *Cook v. Heckler*, No. 85-1564, 783 F.2d 1168, 1173 (4th Cir. 1986); *Richardson v. Kijakazi*, No. 4:20-CV-71-M, 2021 U.S. Dist. LEXIS 148445 at *19 (E.D.N.C. July 20, 2021). Thus, a decision by an ALJ, based upon a record which is missing relevant facts, is not supported by substantial evidence, and should be remanded when such a failure to develop the record prejudices a claimant. *Berry,* 2009 U.S. Dist. LEXIS 751, at *38.

Here, at the originally scheduled January 2021 hearing, Plaintiff informed the ALJ that he had not been able to obtain all his medical records. (Tr. 96-97). The ALJ postponed the hearing to June of 2021 to allow time for the record to be completed. (Tr. 17). Also, due to the COVID-19 pandemic, the ALJ told the Plaintiff that it would "be easier" for the hearing office to request the medical records directly from Plaintiff's pain management provider. (Tr. 96-97). This was done so that the hearing office (which was functioning remotely) could access the records electronically. The ALJ told Plaintiff that the hearing office would send those medical records to the Plaintiff to review once the hearing office received them. (Tr. 105-106).

At the June 2021 hearing, the Commissioner admitted that the agency had not sent Mr. Konecny his updated file, but the ALJ confirmed to Mr. Konecny that the hearing office had obtained additional evidence from Mr. Konecny's pain management provider. (Tr. 105, 108). Based on this confirmation, Mr. Konecny assumed his file was complete. Further, the ALJ told Mr. Konecny that any additional missing records would be located and shared with him and that he would have the opportunity to review the record for completeness before she issued her decision. (Tr. 49-50).[2]

However, it is now clear that Mr. Konecny's pre-2017 records were missing from the evidence. And, the ALJ should have questioned the completeness of the records because Plaintiff testified that he had been going to his pain management physician for six years. (Tr. 45-55). Again, the ALJ has a responsibility to ensure a complete record when issuing a decision to an unrepresented claimant.

In sum, the ALJ's decision was based upon an incomplete record because the ALJ failed to take reasonable steps to retrieve all the medical records which she had told Mr. Konecny she would retrieve. Accordingly, this matter must be remanded to permit the ALJ to reconsider her determination that Mr. Konecny was not disabled based on complete medical records.

Again, in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Mr. Konecny's reconsidered application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.,* 846 F.3d 656, 663 (4th Cir. 2017). "Under

---

[2] It is unclear if Mr. Konecny or his wife were ever able to fully review the file once it was provided to him, and the record does not reflect whether the ALJ followed up with Mr. Konecny to determine if anything was missing, like she told Mr. Konecny she would before she issued her decision. (Tr. 54-55, 82-83, 100-101). Mr. Konecny's wife testimony that they had "tried to go through all the records on file" and that they would "go back through everything" to determine if anything was missing, should have indicated to the ALJ that the record was potentially incomplete. (Tr. 51-53).

Case 3:22-cv-00334-KDB   Document 22   Filed 06/22/23   Page 7 of 8

§ 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer,* 509 U.S. 292, 299, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein,* 496 U.S. 617, 624-25, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990)).

## V. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 13) is **DENIED**; and the Commissioner's decision is **REVERSED**. This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 22, 2023

Kenneth D. Bell
United States District Judge